UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BEVAN and HEIDI LEE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:24-cv-2641-DAD-SCR<br><br>ORDER TO SHOW CAUSE |

Plaintiffs Russell Bevan and Heidi Lee are proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On September 30, 2024, Plaintiffs filed a complaint and paid the filing fee. ECF No. 3. On October 28, 2024, Plaintiffs filed a "Proof of Service," but Defendants have not appeared in the action. The Court has reviewed the Complaint and hereby sua sponte directs the Plaintiffs to show cause why the action should not be dismissed for failure to state a claim and/or lack of subject matter jurisdiction.

**I.     The Complaint**

The Complaint is styled as a "Cause of Action of Accounting." ECF No. 3 at 1. It names as Defendants: 1) the United States of America; 2) Department of Treasury; 3) Internal Revenue Service (IRS); 4) Deputy Assistant Attorney General David Hubbert; and 5) IRS Agent John Does 1-100. *Id.* at 1. The Complaint does not contain a jurisdictional statement, but string cites several federal statutes without explanation. *Id.* at 4.

1

The factual allegations are nonsensical and frivolous. Plaintiffs contend they are "nonperson," "non-resident," "non-fiction," "Living flesh and blood man/woman standing on ground." ECF No. 3 at 6. Plaintiffs further state they are "representing the Corporate Fiction: Heidi Renee Lee." *Id.* Plaintiffs assert that this is a cause of action for accounting, which arises where there is a fiduciary relationship. *Id.* Plaintiffs make the conclusory allegations that Defendants operate on a presumption of liability, which is false, and Plaintiffs demand proof of liability. *Id.* at 8. Plaintiffs contend that the IRS is not part of the Department of Treasury. *Id.* at 10. Plaintiffs contend they are not taxpayers as defined in the Internal Revenue Code. *Id.* at 11. Plaintiffs contend that in order to maintain integrity and independence an Article III judge who is not a "taxpayer" must be designated to preside. *Id.* at 16. Plaintiffs' Complaint contains a "relief stated" paragraph, but it does not seek clear relief. Rather, it states in full:

> Petitioner never received Notice of intent for the said 1040; Years 2023 as well as an itemized RBA [Restitution Based Assessment]. This alone would permit petitioner to invoke Court's jurisdiction. This Letter of Notice to intent to seize (levy) shall be null and void NOT ONLY FOR JURISDICTIONAL ISSUES, but noncompliance of the above requested being put on the record.

ECF No. 3 at 17.

Among the various documents attached to Plaintiffs complaints are what the Court can only assume to be adulterated and fraudulently executed versions of IRS Form 56. IRS Form 56 is entitled "Notice Concerning Fiduciary Relationship," which "is used to notify the IRS of the creation or termination of a fiduciary relationship" under certain tax laws.[1] Plaintiffs filed Form 56s that purport to make Janet Yellen, the U.S. Secretary of the Treasury, and Francisco Alicea, the former Secretary of the Treasury of Puerto Rico, the fiduciaries of "Heidi Renee Lee Trust. ECF No. 3 at 29-32. The Form 56s contain the purported electronic signature of each official and have been modified to include an "Actual & Constructive Legal Notice [U.C.C. §§ 1-207(25)(26)(27)]" section that states, among other things, that each official has "been chosen to act as fiduciary in re Heidi Renee Lee TRUST." *Id.*

---

[1] *See* Instructions for Form 56, *available at* Instructions for Form 56 (12/2024) | Internal Revenue Service.

**II.     Analysis**

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). A court may even do so "without notice where the claimant cannot possibly win relief." *Id.* A court must consider its subject matter jurisdiction sua sponte. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 … may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (citation and quotations omitted). The exact nature of Plaintiff's claims against the IRS are unclear, but to the extent they exist at all they may be within the exclusive jurisdiction of the Tax Court. See *Danner v. United States*, 208 F.Supp.2d 1166, 1170 (E.D. Wa. 2002) ("In general, the United States Tax Court has exclusive jurisdiction to determine the correctness of deficiency assessments made by the Commissioner of Internal Revenue, and may raise or lower an assessment or determine there was no deficiency."); *see also Hinck v. United States*, 550 U.S. 501 (2007) (holding Tax Court provides exclusive forum for judicial review of claims of refusal to abate interest). Another potential hurdle for Plaintiffs' claims is sovereign immunity. *See Gillings v. IRS*, 138 F. App'x 990 (9th Cir. 2005) ("The district court properly dismissed [Plaintiff's] action for lack of jurisdiction because sovereign immunity bars all suits against the federal government unless it expressly consents to be sued. The IRS and its agents in their official capacities have not waived sovereign immunity, and thus [Plaintiff's] action is barred.").

Plaintiffs' claims appear to be wholly insubstantial and frivolous. Plaintiffs contend they are non-citizen, non-taxpayer and non-fiction entities who are suing the United States and the IRS for an accounting. As described above, Plaintiffs also filed apparently fraudulent and adulterated forms purporting to make high-level government officials, including the U.S. Secretary of the Treasury, "fiduciaries" for a trust in the name Plaintiff Lee. A cause of action for an accounting generally "requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by

an accounting." *Screen Capital Intern. Corp. v. Library Asset Acquisition Co.*, 510 B.R. 248, 260 (C.D. Cal. 2014).  Plaintiffs have not sufficiently pled a claim for an accounting.  See *Gomez v. World Savings Bank FSB*, 2010 WL 5280004 (E.D. Cal. 2010) ("The FAC does not plead the nature of the purported relationship between Plaintiff and each Defendant, rather, the FAC simply makes the conclusory statement that Defendants owe him an accounting.").

Good cause appearing, IT IS HEREBY ORDERED that **Plaintiffs shall show cause, in writing, within 14 days**, why this case should not be dismissed based on lack of jurisdiction and/or for failure to state a claim.  If Plaintiff fails to respond, the court will recommend dismissal of this case.

SO ORDERED.

DATED: January 16, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE