UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BEVAN and HEIDI LEE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:24-cv-2641-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding pro se, and this matter was referred to the undersigned in accordance with Local Rule 302(c)(21). Plaintiffs filed this action on September 30, 2024. The undersigned issued an Order to Show Cause (OSC) (ECF No. 5) noting that the complaint contained "wholly insubstantial and frivolous" allegations. The OSC pointed out that the jurisdictional statement was deficient, and that the complaint failed to state a claim. The OSC directed Plaintiffs to show cause why the action should not be dismissed for lack of jurisdiction or failure to state a claim. ECF No. 5 at 4.

Plaintiffs filed a response on January 31, 2025. ECF No. 6. Plaintiffs declare they are "transient foreigner[s]" and are "stateless person[s]" not subject to the jurisdiction of the federal courts. ECF No. 6 at 2. What follows then is a lengthy list of "information requested from

////

1

agents." *Id.* at 2-6. Plaintiffs further state they did not receive a notice of deficiency and the notice of intent to levy should be null and void. *Id.* at 7.

The response does not adequately address the issues raised in the OSC. Plaintiffs' complaint alleges they are "non-fiction," "non-citizen," and "non-taxpayer." ECF No. 3 at 6, 11. Plaintiffs' response to the Court's inquiry about jurisdiction is to state they are beyond the jurisdiction of the federal courts, even though they filed this action in federal court. Plaintiffs' filings appear legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous "where it lacks an arguable basis either in law or in fact"). Considering the complaint's allegations that Plaintiffs are non-taxpayers outside the jurisdiction of the federal courts, the Court cannot discern what plausible claim Plaintiffs are attempting to assert. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face"). A court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Here, the Court gave notice of the deficiencies in the complaint and Plaintiffs have responded. The Court now recommends that the action be dismissed for the reasons stated herein, and in the Court's OSC.

The Court has considered whether Plaintiffs should be granted leave to amend. The Court has liberally construed Plaintiffs' pro se complaint and considered that generally pro se litigants are given an opportunity to amend. See *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). Here, granting leave to amend would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be dismissed without leave to amend and the case closed.

These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE